# IN THE UNITED STATES DISTRICT COURT FOR
# THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | Case No. 07-CR-0163-002-CVE |
| v. ) | |
| ) | USM Number: 10384-062 |
| **OSCAR IBARRA,** ) | |
| ) | |
| **Defendant.** ) | |

## OPINION AND ORDER

Before the Court is defendant's Motion to Reconsider Petitioner's Motion Pursuant to 18 U.S.C. § 3582(c)(2) and Amendments 782 & 788 (Dkt. # 146) based on the holding in United States v. Mowery, 512 Fed.Appx. 824 (2013).[1] Defendant argues that the Court erred when it found that Amendment 782 to the United States Sentencing Guidelines would not have lowered defendant's advisory guideline range.

On March 23, 2015, defendant filed a motion for reduction of sentence under § 3582(c)(2), wherein he asked the Court to reduce his total offense level by two levels. Dkt. # 129. The Court entered an order denying defendant's motion for a reduction of sentence, Dkt. # 132, and provided the following explanation for the denial of defendant's motion:

> At the original sentencing, the Court granted a two-level § 3553(a) downward variance from the prescribed guideline range of 210 to 262 months to a range of 168 to 210 months, and imposed a sentence of 168 months. Based on the instant

---

[1] It is unclear why defendant cites Mowery as a basis for relief. Mowery does not concern the application of a guideline amendment to a defendant's sentence, and the primary issue in Mowery was whether defense counsel's performance was deficient when counsel advised a defendant to reject a plea agreement under Fed. R. Crim. P. 11(c)(1)(C). The Tenth Circuit denied the defendant's request for a certificate of appealability and found that the defendant did not receive ineffective assistance of counsel.

conviction, Amendment 782 is applicable, providing for a two-level reduction in the total offense level, resulting in an amended guideline range of 168 to 210 months, the minimum of which is the same as the sentence imposed. Amendment 782 does not have the effect of lowering the defendant's applicable guideline range due to the operation of another guideline or statutory provision ((i.e., reduction of sentence by variance). Accordingly, defendant's sentence is not eligible for reduction pursuant to § 3582(c) and Amendment 782. See USSG § 1B1.10(a)(2)(B), comment. (n.1(A)).

Id. at 1. This ruling was affirmed by the Tenth Circuit Court of Appeals (Dkt. # 144) in May 2016.

In June 2017, the defendant filed a motion to reconsider and apply the two-level reduction in his total offense level under Amendment 782 with an additional two-level reduction under § 3553(a). Defendant states that "[o]ther circuit Courts have done the same when it came to cases with Amendment 782 and a variance at sentencing."

The Court notes that § 3582(c)(2) directs that "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission. . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, *if* such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." (emphasis added). The United States Sentencing Commission Guidelines Manual directs that "Exclusions. - a reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if. . . (B) an amendment listed in subsection (d) does not have the effect of lowering the defendant's applicable guideline range." Further, Limitations and Prohibitions on Extent of Reduction subsection (A) provides: "Except as provided in subsection (B), the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range. . ." In this case, defendant received a sentence which is

2

equal to the minimum term of imprisonment provided by the amended guideline range; therefore, the Court cannot reduce the term of imprisonment to a term less than what the defendant has already received.

The only exception to this rule is for cases in which the government filed a motion under USSG §5K1.1, to reflect substantial assistance to authorities, which is not applicable in this case. The Court finds that a sentencing reduction to less than the minimum of the amended guideline range would not be consistent with applicable policy statements issued by the Sentencing Commission and therefore is not authorized under § 3582(c)(2). The Court finds that it lacks statutory authority to reduce defendant's sentence under § 3582(c)(2). See United States v. Kurtz, 819 F.3d 1230, 1235 (10th Cir. 2016) (holding that the court does not have statutory authority to reduce a sentence to less than the amended guideline range outside the exception for §5K1.1).

**IT IS THEREFORE ORDERED** that defendant's Motion to Reconsider Petitioner's Motion Pursuant to 18 U.S.C. § 3582(c)(2) and Amendments 782 & 788 (Dkt. # 146) is **dismissed for lack of jurisdiction.**

**IT IS SO ORDERED** this 23rd day of June, 2017.

_Claire V. Eagan_
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE